UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC FRANK ROBINSON, | No.  2:16-cv-1886 KJN P |
| Plaintiff, | |
| v. | ORDER |
| GLOVER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).
4     The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
9     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
17 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
18 1227.
19     Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
20 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
22 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
23 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
24 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
25 sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific
26 facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what
27 the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93
28 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

1    In reviewing a complaint under this standard, the court must accept as true the allegations of the
2    complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most
3    favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
4    grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5    Plaintiff claims that defendants Glover and Henley denied plaintiff an investigative
6    employee at plaintiff's November 16, 2015 prison disciplinary hearing.  Further, plaintiff alleges
7    that defendants Clark, Adams, Foston, and Voong denied plaintiff's due process rights by, *inter*
8    *alia*, denying his administrative appeals concerning the prison disciplinary hearing.  Plaintiff lost
9    90 days of credit, as well as other privileges.  Plaintiff seeks a declaratory judgment and money
10   damages.

11   First, prisoners have no Fourteenth Amendment liberty interest in a right to appeal adverse
12   decisions by prison authorities.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There
13   is no legitimate claim of entitlement to a grievance procedure.").  In Ramirez v. Galaza, 334 F.3d
14   850, 860 (9th Cir. 2003), the Ninth Circuit confirmed that a prisoner may not challenge an
15   administrative disciplinary appeals process on Due Process grounds, confirming that "inmates
16   lack a constitutional entitlement to a specific prison grievance procedure."  Id.  Thus, plaintiff
17   cannot state cognizable due process claims against defendants Clark, Adams, Foston, and Voong,
18   who were solely involved in addressing plaintiff's administrative appeals concerning the prison
19   disciplinary.  Plaintiff should not include such defendants in any amended complaint.

20   Second, it is unclear whether plaintiff's challenge to the November 16, 2015 prison
21   disciplinary is barred.  In Heck and its progeny, the Supreme Court held that, where a judgment in
22   a prisoner's favor on § 1983 action would necessarily imply the invalidity of the prisoner's
23   sentence or conviction, the prisoner's claim is not cognizable until he demonstrates that the
24   sentence or conviction has been invalidated.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).
25   This rule usually applies where a prisoner seeks to invalidate a disciplinary determination that
26   carried a forfeiture of behavioral credits because a finding in the prisoner's favor would invalidate
27   the credit forfeiture and thus reduce the sentence.  Edwards v. Balisok, 520 U.S. 641, 644 (1997).
28   However, the Court of Appeals for the Ninth Circuit has noted that application of Heck's

favorable termination rule "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003). Thus, where behavioral credits do not necessarily impact the prisoner's sentence (because, for example, he is serving an indeterminate life sentence), the prisoner may challenge a forfeiture of credits in a civil rights action. Roman v. Knowles, 2011 WL 3741012, *11-12 (S.D. Cal. June 20, 2011) (explaining why Heck does not bar a challenge to a disciplinary finding with credits forfeiture brought by a California inmate serving an indeterminate life sentence); see Nettles v. Grounds, 2016 WL 4072465 (9th Cir. July 26, 2016) (*en banc*) (holding that § 1983, not habeas, is the appropriate vehicle for challenging disciplinary findings that did not necessarily lengthen the prisoner's sentence).[1]

In his complaint, plaintiff confirms that he was incurred the loss of 90 days credit. However, plaintiff did not explain how the disciplinary lengthened his sentence, or identify the nature of his sentence, i.e. whether he is serving an indeterminate life sentence. Plaintiff's complaint is dismissed, but plaintiff is granted leave to file an amended complaint against only defendants Glover and Henley.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

---

[1] Prison inmates may challenge disciplinary convictions resulting in loss of credits in a petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254. An inmate's rights arising under federal law concerning disciplinary proceedings which result in the loss of good conduct sentence credit are, generally speaking, limited to the following: (1) Advance written notice of the charges; (2) An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his or her defense; (3) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and (4) That the findings of the prison disciplinary board be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985).

1  (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

2  rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

4  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

5  complaint be complete in itself without reference to any prior pleading.  This requirement exists

6  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

7  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

8  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

9  original complaint, each claim and the involvement of each defendant must be sufficiently

10  alleged.

11        In accordance with the above, IT IS HEREBY ORDERED that:

12        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

13        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

14  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

15  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

16  Director of the California Department of Corrections and Rehabilitation filed concurrently

17  herewith.

18        3.  Plaintiff's complaint is dismissed.

19        4.  Within thirty days from the date of this order, plaintiff shall complete the attached

20  Notice of Amendment and submit the following documents to the court:

21          a.  The completed Notice of Amendment; and

22          b.  An original and one copy of the Amended Complaint.

23  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

24  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

25  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

26  ////

27  ////

28  ////

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  December 13, 2016

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/robb1886.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC FRANK ROBINSON, | No. 2:16-cv-1886 KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| GLOVER, et al., | |
| Defendants. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____   Amended Complaint

DATED:

_____

Plaintiff